UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENG FENG CHEN<br><br>     **Plaintiff,**<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>     **Defendant.** | Civil Action No.: |

## CLASS ACTION COMPLAINT

1. The Plaintiff, Sheng Feng Chen, by and through the undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

### I. PRELIMINARY STATEMENT

2. The Plaintiff brings this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*, and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. L. §380, *et seq.*, against the Defendant.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337, and 15 U.S.C. §1681p.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because the events or omissions giving rise to the claim occurred in this District.

## III. PARTIES

5. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6. The Plaintiff is a resident of Queens, New York, and is a "person" pursuant to 15 U.S.C. §1681a(b) and a "consumer" under 15 U.S.C. §1681a(c).

7. The Defendant, Experian Information Solutions, Inc., (hereinafter "Experian") is a foreign business corporation with its principal executive office at 475 Anton Blvd., Costa Mesa, CA 92626-7036.  The Defendant is a "consumer reporting agency" under 15 U.S.C. §1681a(f).

8. Defendant Experian has been generating and distributing "consumer reports" (as defined by 15 U.S.C. §1681a(d)(1)) on the Plaintiff for more than ten (10) years.

## IV. FACTS

9. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. Since approximately April of 2012, the Defendant has been reporting that the Plaintiff owes and outstanding and delinquent credit-card debt to Capital One.

11. When the Plaintiff discovered that the Defendant was reporting the aforementioned debt to Capital One, he mailed a written dispute to the Defendant on or about December 24, 2013.

12. In aforementioned December 24th dispute letter, the Plaintiff stated that he has never done business with Capital One and the reported account does not belong to him.  In the letter, the Plaintiff provided his name, address, social security number, and a copy of his driver's license to help further the Defendant's investigation.

13. On or about January 8, 2014, the Defendant mailed a written response to the Plaintiff's dispute letter.  The response included the following components:

    A. a statement that "[t]his summary shows revision(s) made to your credit file as a result of our processing your dispute[,]"

    B. a statement that "[w]e have completed the processing of your dispute(s) . . . [h]ere are the results . . . Credit items Outcome . . . CAP ONE NA . . . Updated[,]" and

    C. a statement, "account previously in dispute – investigation complete, reported by data furnisher[.]"

14. Upon information and belief, the Defendant did not notify Capital One about the Plaintiff's dispute and request verification of the alleged debt.

15. On or about February 10, 2014, the Plaintiff sent the Defendant a written request to reinvestigate the disputed account.  In the letter, the Plaintiff maintained that the account does not belong to him.

16. On or about February 20, 2014, the Defendant mailed the Plaintiff a response to his reinvestigation request.  (*See* Ex. A).  The response letter (or the "February 20th Letter") stated, "[w]e have already investigated this information and the credit grantor has verified its accuracy . . . [p]ursuant to Section 611(a)(3)(A) of the Fair Credit Reporting Act, we will not be investigating your dispute again at this time . . . [i]f you still believe the item is inaccurate, then we can add a statement of continued dispute to your personal credit report at your request, or you may wish to contact the credit grantor directly to resolve your issue."  (*Id.*).

17. By its February 20th Letter, Defendant Experian refused to reinvestigate the Plaintiff's dispute about the Capital One account.  (*Id.*).

18. In its February 20th Letter, Defendant Experian failed to state that it made a determination that the Plaintiff's dispute was frivolous. The letter merely referred to section "611(a)(3)(A) of the Fair Credit Reporting Act." (*Id.*).

19. In its February 20th Letter, Defendant Experian failed to provide any reasons for why it determined that the Plaintiff's dispute was frivolous. (*Id.*).

20. In its February 20th Letter, the Defendant failed to identify any information required to investigate or reinvestigate the disputed Capital One account. (*Id.*).

21. The Defendant's February 20th Letter failed to include a summary of FCRA rights, a toll-free number, or a list of federal agencies responsible for enforcing FCRA provisions.

## V. CLASS ACTION ALLEGATIONS

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Plaintiff proposes a class to be defined as follows:

    A. **All consumers**
        i. **who reside in the State of New York**
        ii. **who submitted a written request to Experian to reinvestigate a disputed item a credit report**
        iii. **who submitted the request within two (2) years preceding the filing of this Complaint, and**
        iv. **who were mailed a form response letter from Experian that is substantially similar to the letter attached hereto Exhibit A.**

24. Pursuant to Federal Rule of Civil Procedure 23, a class is appropriate and preferable in this case because:

4

A. The Defendant's violations stem from a form letter that was distributed to hundreds or thousands of consumers. Thus, the proposed class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any individual claims.

C. Identification of the consumers who received a form letter similar to the letter attached as Exhibit A is a matter that can best be determined from the Defendant's records.

D. The precise number of consumers in this class is unknown at this time and can only be discerned through discovery. However, upon information and belief, the Defendant's actions and omissions have violated the rights of thousands of consumers. Hence, the members of the class are believed to be so numerous that joinder of all members is impractical.

E. The claims of the Plaintiff are typical of those of the class members. All class claims are based on the same facts and legal theories.

F. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and credit reporting claims. The Plaintiff's interests are consistent with those of the members of the class.

G. A class action is superior for the fair and efficient adjudication of the class members' claims.

H. Absent a class action, most members of the class would find the cost, time, and ability to engage in protracted litigation prohibitive.

I. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

J. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendant and other credit reporting agencies.

K. Proceeding by way of a class action is the most economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the class.

## COUNT I
## Violation of the Federal Fair Credit Reporting Act
## 15 U.S.C. §1692, *et seq.*

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendant violated the federal Fair Credit Reporting Act

    A. when the Defendant provided a form letter that failed to inform the Plaintiff and class members that a dispute was determined to be frivolous as required under 15 U.S.C. §1681i(a)(3)(B),

    B. when the Defendant provided a form letter that failed to inform the Plaintiff and class members of the reasons for why a dispute was determined to be frivolous as required under 15 U.S.C. §1681i(a)(3)(C)(i),

    C. when the Defendant failed to identify the information required to investigate disputed information under 15 U.S.C. §1681i(a)(3)(ii),

6

D. when the Defendant failed to provide the Plaintiff "a written summary of all the rights that the consumer has under this title . . ." pursuant to 15 U.S.C. §1681g(c)(1)(A),

E. when the Defendant failed to provide the Plaintiff "a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours" pursuant to 15 U.S.C. §1681g(c)(1)(B),

F. when the Defendant failed to provide the Plaintiff "a list of all Federal agencies responsible for enforcing any provision of this title and the address and any appropriate phone number of each such agency . . ." under 15 U.S.C. §1681g(c)(2)(C),

G. when the Defendant failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as required by 15 U.S.C. §1681e(b),

H. when the Defendant failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681li(a)(1)(A), and

I. when the Defendant failed to provide dispute notifications to furnishers of items in dispute as required by 15 U.S.C. §1681li(a)(2)(A).

27. The Defendant's conduct, actions, and omissions were willful, rendering the Defendant liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. §1681n.

28. In the alternative, the Defendant's conduct, actions, and omissions were negligent, rendering the Defendant liable for actual and statutory damages pursuant to 15 U.S.C. §1681o.

29. Plaintiff is entitled to recover costs and attorneys' fees from the Defendant in an amount to be determined by this Court pursuant to either 15 U.S.C. §1681n or 15 U.S.C. §1681o.

## COUNT II
### Violations of the New York Fair Credit Reporting Act
### N.Y. Gen. Bus. L. §380

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein..

31. The Defendant violated the New York Fair Credit Reporting Act

   A. when the Defendant provided a form letter that failed to inform the Plaintiff that a dispute was determined to be frivolous as required by N.Y. Gen. Bus. L. §380-f,

   B. when the Defendant provided a form letter that failed to inform the Plaintiff of the reasons for why a dispute was determined to be frivolous as required by N.Y. Gen. Bus. L. §380-f.

   C. when the Defendant failed to identify the information required to investigate disputed information as required by N.Y. Gen. Bus. L. §380-f,

   D. when the Defendant failed to provide the Plaintiff a summary of rights as required by N.Y. Gen. Bus. L. §380-d,

   E. when the Defendant failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as required by N.Y. Gen. Bus. L. §380-j(e),

   F. when the Defendant failed to clearly and accurately disclose information in the Plaintiff's file as required by N.Y. Gen. Bus. L. §380-d, and

   G. when the Defendant failed to conduct a reasonable reinvestigation as required by N.Y. Gen. Bus. L. §380-f.

32. As a result of the Defendant's conduct, actions, and omissions, the Plaintiff suffered damages.

33. The Defendant's conduct, actions, and omissions were willful, rendering the Defendant liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to N.Y. Gen. Bus. L. § 380-l.

34. In the alternative, Defendant's conduct, actions, and omissions were negligent, rendering the Defendant liable for actual and statutory damages pursuant to N.Y. Gen. Bus. L. § 380-m.

35. Plaintiff is entitled to recover costs and attorneys' fees from Defendant in an amount to be determined by this Court pursuant to either N.Y. Gen. Bus. L. §380-l or N.Y. Gen. Bus. L. §380-m.

**WHEREFORE**, Plaintiff respectfully requests that this Court

(a) award the Plaintiff and class members actual and statutory damages pursuant to 15 U.S.C. §1681n(1)(A),

(b) award the Plaintiff and class members punitive damages pursuant to 15 U.S.C. §1681n(2),

(c) award the Plaintiff and class members actual and statutory damages pursuant to 15 U.S.C. §1681o(a)(1),

(d) award the Plaintiff actual, statutory, and punitive damages pursuant to N.Y. Gen. Bus. L. §380-l and/or N.Y. Gen. Bus. L. §380-m,

(e) order the Defendant to reinvestigate all credit reporting pertaining to any Capital One accounts that appear on the Plaintiff's credit report,

9

(f) award the Plaintiff costs and attorneys' fees pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o,

(g) award the Plaintiff costs and attorneys' fees pursuant to N.Y. Gen. Bus. L. §380-l and/or N.Y. Gen. Bus. L. §380-m, and

(h) award such other and further relief as this Court deems just and proper.

Dated:   March 26, 2014

                                      Respectfully submitted,

                                      By: /s/ Hashim Rahman
                                      Hashim Rahman, Esq.
                                      Rahman Legal
                                      155 Water Street
                                      Brooklyn, NY 11201
                                      hrahman@rahmanlegal.com
                                      Phone: (347) 433-6139
                                      Fax:    (347) 382-9457